IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-441 |
| ) | |
| LEONARD GOGGINS ) | |

O P I N I O N

DIAMOND, D.J.

On December 19, 2007, a grand jury returned a one count indictment against Leonard Goggins ("defendant") charging him with possession with intent to distribute 50 grams or more of crack cocaine on or about March 16, 2006, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(iii). On November 25, 2008, defendant filed the following pretrial motions: (1) motion to compel disclosure of plea bargains, preferential treatment and promises to government witnesses (Document No. 44); (2) an omnibus pretrial motion (Document No. 45), which contains a number of pretrial motions, including (a) motion for discovery, which seeks disclosure of eleven categories of information; (b) motion for bill of particulars; (c) motion for law enforcement to retain rough notes; (d) motion to disclose and exclude uncharged misconduct evidence; (e) motion for notice by the government of

intent to use evidence arguably subject to suppression; and (3) a second omnibus pretrial motion (Document No. 46), which contains several pretrial motions, including (a) motion for early disclosure of Jencks material; (b) motion to preserve evidence; (c) motion to exclude evidence of defendant's prior convictions; and (d) motion to file additional pretrial motions. On December 30, 2008, the government filed a consolidated response to defendant's pretrial motions (Document No. 50). For the reasons stated herein, defendant's motions will be granted in part and denied in part.

## Motion to Compel Disclosure of Plea Bargains, Preferential Treatment and Promises to Government Witnesses

Defendant has moved for an order to compel the government to disclose plea bargains, preferential treatment and promises to its witnesses. The government's response indicates that all government witnesses in this case are law enforcement agents or forensic scientists, so there are no plea bargains or related promises or benefits here. Accordingly, defendant's motion will be denied as moot.

## Motion for Discovery

Defendant has filed a motion for discovery seeking eleven categories of information, including inter alia requests for exculpatory and impeachment material.

2

AO 72
(Rev. 8/82)

Generally, governmental disclosure of evidence in criminal cases is governed by Fed.R.Crim.P. 16(a). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1) "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act, 18 U.S.C. §3500, and materials available pursuant to the "Brady doctrine.[1]" Id.

In response to defendant's discovery motion, the government has acknowledged its obligations under Rule 16(a) and the Brady doctrine and indicates that it already has turned over all Rule 16 material. The government further indicates in its response that it is unaware of the existence of any directly exculpatory Brady material pertaining to defendant. Should such material be discovered, it will be provided to defendant. Accordingly, defendant's discovery motion and request for exculpatory evidence will be granted in part, and the government shall turn over all information falling within the purview of Rule 16(a) and the Brady doctrine to the extent that any such information exists and has not already been provided to defendant. To the extent defendant's discovery motion requests information that does not fall within

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

3

the scope of Rule 16(a), Brady or the Jencks Act, those requests will be denied.

As to the timing of the required disclosures, it is well settled that the government's obligations under Brady require it to disclose actual exculpatory evidence without undue delay. In contrast, Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial." United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983). Therefore, should the government discover the existence of any exculpatory Brady evidence, such evidence shall be disclosed to defendant forthwith. As to impeachment material, this circuit encourages adherence to the long-standing policy of promoting early production of all types of Brady material "to ensure the effective administration of the criminal justice system." United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984) (quoting Higgs, 713 F.2d at 44 n.6). Given the nature of this case, disclosure of Brady impeachment material no later than ten days prior to trial is sufficient to protect defendant's due process rights and to ensure that trial delay is avoided, and an order will be entered to that effect.

### Motion for Bill of Particulars

Defendant has filed a motion for a bill of particulars. Defendant generally requests specific dates, names and addresses of witnesses, specific acts and statements made by him, and any acts or statements made by others that may be imputed to him.

4

The purpose of a bill of particulars is to inform the defendant adequately of the nature of the charges brought against him so that he is able to prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense. United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989). The granting of a bill of particulars is within the discretion of the district court. United States v. Adams, 759 F.2d 1099, 1113 (3d Cir. 1985).

A bill of particulars, unlike discovery, is not intended to provide a defendant with the fruits of the government's investigation, but is intended to give the defendant only that minimum amount of information necessary to permit him to conduct his own defense. United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985). Here, the indictment provides the particulars of the charged offense in sufficient detail to place defendant on notice of that with which he has been charged and to permit him to conduct his own defense. In addition, the government's response indicates that defendant already is in possession of the police report and lab report, which advise him of the dates and circumstances of the crime, the actions defendant took in attempting to abandon the crack cocaine, the names of witnesses and the lab results from the testing of the drugs. As no proper purpose for a bill of particulars would be served by ordering one, defendant's motion will be denied.

5

### Motion to Require Retention of Rough Notes and Writings

Defendant has filed a motion to require the government to retain all rough notes and writings of investigating agents which may constitute Brady or Jencks material. In United States v. Vella, 562 F.2d 275, 276 (3d Cir. 1977), the Third Circuit held that rough interview notes should be preserved so that the court can determine whether they should be made available to the defendant under Brady or the Jencks Act. See also United States v. Ammar, 714 F.2d 238, 259 (3d Cir. 1983) (extending rule to require preservation of drafts of agents' reports). The government has indicated that it is aware of its obligation to retain these materials and will do so to the extent any such items exist. Accordingly, the court will grant defendant's motion to require retention of rough notes and order the government to preserve any such materials.

### Motion to Disclose and Exclude Uncharged Misconduct Evidence

Defendant has filed a motion to disclose and exclude uncharged misconduct evidence which the government intends to offer at trial pursuant to Fed.R.Evid. 404(b).[2]

Rule 404(b) requires the government to provide reasonable

---

[2] Defendant also requests a pretrial hearing on the admissibility of any potential Rule 404(b) evidence. However, it would be premature to rule on the potential admissibility of Rule 404(b) evidence until such evidence is considered in the context of trial. Accordingly, no pretrial hearing is required.

6

notice prior to trial of its intention to use evidence of other crimes, wrongs or acts for the purposes enumerated in the rule. It provides "that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial ... of the general nature of any such evidence it intends to introduce at trial." According to the commentary to Rule 404(b), other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes reasonable notice will depend on the circumstances of each case. Courts that have considered what constitutes "reasonable notice" have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient. See United States v. Evangelista, 813 F.Supp. 294, 302 (D.N.J. 1993) (ten days); United States v. Alex, 791 F.Supp. 723, 728-29 (N.D.Ill. 1992) (seven days); United States v. Williams, 792 F.Supp. 1120, 1133 (S.D.Ind. 1992) (ten days).

In response to defendant's motion, the government indicates that it does not intend to introduce at trial any evidence under Rule 404(b). Should the government's position change, however, the court will grant defendant's motion to the extent he seeks advance notice of Rule 404(b) evidence and will enter an order directing the government to provide the required Rule 404(b) notice ten days before trial. To the extent defendant seeks exclusion of potential Rule 404(b) evidence, his motion will be

7

denied without prejudice as premature.

## Motion For Notice of Evidence Arguably Subject to Suppression

Defendant requests that the court enter an order which requires the government to provide notice of its intent to use any evidence "arguably subject to suppression." In response, the government indicates that it intends to introduce at trial only evidence seized from 2075 Bentley Drive, Apt. #549, on March 16, 2006, including drugs, currency and scales. According to the government, the defense received the police report relating to this search on June 6, 2008, and was invited at that time to review all items that were seized. The government further indicates that there were no oral or written statements by defendant, no extra-judicial identifications of defendant and no electronic interceptions of any type. Accordingly, defendant's motion for notice of evidence arguably subject to suppression will be denied as moot.

## Motion for Early Disclosure of Jencks Material

Defendant has moved for an order compelling the government to disclose Jencks Act material "prior to trial." The Jencks Act, 18 U.S.C. §3500(b), requires the government to disclose prior recorded statements of its witnesses, when related to the subject matter of their testimony, after each witness testifies on direct

8

AO 72
(Rev. 8/82)

examination. United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). According to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection <u>until said witness has testified on direct examination in the trial of the case</u>."

There is no authority by which this court can order the government to provide Jencks Act statements prior to the time the witness has testified on direct examination at trial. However, the government has indicated that it will provide defendant with Jencks Act material one week prior to trial, and the court will enter an order encouraging the government to do so.

### Motion to Preserve Evidence

Defendant has filed a motion seeking to require the government to preserve all evidence related to this case. The government's response indicates that any evidence which relates to this case will be preserved. Accordingly, defendant's motion to preserve evidence will be granted.

### Motion to Exclude Evidence of Prior Convictions

Pursuant to Federal Rule of Evidence 609(a), defendant has moved to exclude evidence of his prior convictions for the purpose

9

of attacking his credibility should he testify at trial.

Rule 609(a)(1) allows, for the purpose of attacking the credibility of an accused, the admission of evidence that the accused has been convicted of any crime punishable by death or imprisonment in excess of one year if the court determines that the probative value of admitting that evidence outweighs the prejudicial effect to the accused. See United States v. Johnson, 388 F.3d 96, 100-01 (3d Cir. 2004). Rule 609(a)(2) further provides that evidence that any witness has been convicted of a crime involving dishonesty or false statement shall be admitted regardless of punishment. The only notice requirement in Rule 609 is that the government is required to provide "sufficient advance written notice" of its intent to use evidence of a conviction more than ten years old. Fed.R.Evid. 609(b).

The government has indicated in its response that, in the event defendant testifies at trial and misrepresents his background, the government may seek permission from the court to rebut such testimony with prior convictions at that time. As a ruling on the admissibility of defendant's prior convictions is not possible at this time, defendant's motion to exclude those prior convictions will be denied without prejudice to his right to challenge the admissibility of any such convictions should he choose to testify at trial.

10

Motion for Leave to File Additional Pretrial Motions

Defendant requests that the court enter an order permitting him to file additional pretrial motions as may become necessary. The court will grant defendant's request to the extent that he may file additional motions which reasonably could not have been anticipated within the time allocated for filing motions in this case.

An appropriate order will follow.

*Gustave Diamond*
Gustave Diamond
United States District Judge

Date: February 4, 2009

cc: Gregory J. Nescott
    Assistant U.S. Attorney

    Stephen Israel, Esq.
    429 Forbes Avenue
    Suite 711
    Pittsburgh, PA 15219

11

AO 72
(Rev. 8/82)